# United States District Court
# District of Massachusetts

MICHAEL R. BROWN,
     Petitioner,

     v.               CIVIL ACTION NO. 11-11154-RGS

SANDRA RICCI,
     Respondent.

## *REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO <u>EXHAUST STATE COURT REMEDIES (#9)</u>*

COLLINGS, U.S.M.J.

### I. Introduction

The law requires that before any claim contained in a petition for habeas corpus filed by a person convicted in a state court can be considered by a federal court, that person must present the claim in the first instance to the

highest court of the state in which he or she was convicted.[1] In other words, the person must "exhaust" his state court remedies. This requirement is codified in 28 U.S.C. § 2254(b)(1)(A).

The respondent claims that petitioner Michael Brown ("Brown") has not exhausted several of the claims set forth in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (#1) Under the law, if a petition is "mixed," i.e., contains claims that have been exhausted and claims which have not been exhausted, the petition must be dismissed unless the petitioner voluntarily withdraws the unexhausted claim or claims.

In the instant case, resolving the exhaustion issue is a bit more involved than in other cases because of the manner in which the SJC dealt with Brown's major claim on appeal. Thus, a more extensive review of the facts and law is necessary.

## II. The Facts

Brown, a physician, was indicted in Massachusetts Superior Court on multiple charges of violating M.G.L. c. 94C, §§ 32A(a) and 32B(a) for illegally

---

[1]

In Massachusetts, the highest court is the Supreme Judicial Court ("SJC").

"distributing or dispensing" Class B and Class C controlled substances.[2] He was tried before a jury on all but two indictments, which were tried at a jury-waived trial. (#11 at S.A. 300-01, 335)   Both the jury and jury-waived trials involved charges that Brown violated M.G.L. c. 94C, §§ 32A(a) and 32B(a) by "distributing or dispensing" controlled substances.

Section 32A(a) deals with Class B substances, and § 32B(a) deals with Class C substances.  However, except for that difference, for present purposes, the statutes are the same and provide, in pertinent part, that a crime is committed by:

> Any person who knowingly or intentionally ...distributes, dispenses, or possesses with intent to...distribute or dispense a controlled substance in Class [B or C]...

M.G.L. c. 94C, §§ 32A(a), 32(B)(a).

However, in M.G.L. c. 94C, § 1, entitled "Definitions," the words "dispense" and "distribute" are given separate meanings.  Thus, M.G.L. c. 94C, § 1 provides, in pertinent part:

---

[2]

He was also charged with submitting false medical claims in violation of M.G.L. c. 118E, § 40(2), committing larceny in excess of $250 in violation of M.G.L. c. 266, § 30(1) and possession of a controlled substance in violation of M.G.L. c. 94C, § 34. (Commonwealth's Supplemental Answer to Complaint (#11), at S.A. 105-18)

> "Dispense", to deliver a controlled substance to an
> ultimate user...by a practitioner...

> "Distribute", to deliver other than by administering or
> dispensing a controlled substance.

M.G.L. c. 94C, § 1.

In addition, the term "ultimate user" is defined, in pertinent part, as:

> a person who lawfully possesses a controlled substance
> for his own use...

M.G.L. c. 94C, § 1.

The use of the terms "distributing or dispensing" in the indictments became a significant issue. During jury instructions, the trial court only instructed on the "dispensing" theory of liability, telling the jury, "[t]hat word distribute is surplus. There is a technical definition of distribute that may apply in other types of drug law crimes. It's not of concern here in our case." (#11 at S.A. 170) A similar singling out of dispensing as the basis for conviction did not arise in the jury-waived case because the judge rendered a general verdict of guilty and did not distinguish between "distributing" and "dispensing." (#11 at S.A. 201-02)

Brown was convicted on all counts at both his jury and jury-waived trials. (#11 at S.A. 14; Respondent's Memorandum of Law in Support of the Motion

to Dismiss (#10 at 2)  He subsequently applied for direct appellate review ("DAR") to the SJC[3] wherein he raised the issues of (1) whether he could be convicted of dispensing a controlled substance when the ultimate user of that substance was an unlawful possessor and (2) whether certain audio and video recordings should have been admitted in state court. (#11 at S.A. 26-28)  His application for DAR was denied on November 29, 2007. (#11 at S.A. 17)

Next, Brown appealed to the Massachusetts Appeals Court and raised the same two issues for review as he raised in his application for DAR, neither of which were subsequently raised in Brown's habeas petition. (#11 at S.A. 70-82) In his appeal he also argued that criminal statutes must be strictly construed against the Commonwealth. (#11 at S.A. 81-82)  The Appeals Court affirmed the lower court's rulings (with one judge dissenting on the issue), holding that dispensing a controlled substance did not require the ultimate users to be lawful possessors of the substances. *Commonwealth v. Brown*, 74 Mass. App. Ct. 75, 83-84, 904 N.E.2d 452, 459 (Mass. App. Ct. 2009).  Brown then sought further appellate review from the SJC, which was granted on July 17, 2009. (#11 at S.A. 296)

---

[3]

Pursuant to Rule 11, Mass. R. App. P., a party may seek review directly in the Supreme Judicial Court in certain circumstances.

In his application for further appellate review by the SJC, the major focus involved the "distributing/dispensing" issue. The precise wording of the issue in the application was:

> Could the defendant physician be properly convicted of unlawfully 'dispensing' a controlled substance if the prescriptions at issue were neither written for, nor delivered to, 'ultimate users,' as that term is defined by statute, but rather to persons who would not have been lawful possessors.

(#11 at S.A. 304)

On May 11, 2010, the SJC upheld Brown's convictions, but further held that the trial court had erred in instructing the jury on unlawful dispensing rather than unlawful distribution. *Commonwealth v. Brown*, 456 Mass. 708, 725-26, 925 N.E.2d 845, 858-59 (2010). Despite this error, the SJC found that the defendant was not prejudiced because "although phrased as unlawfully dispensing a controlled substance, the judge's instructions on the elements of the crime matched the elements of unlawful distribution." *Id.* at 726, 925 N.E.2d at 859. "To the jury, then, it made no difference to which verb in the indictment their attention was drawn. Considering only the elements necessary for the crime of unlawful distribution, they convicted the defendant." *Id.* at 726, 925 N.E.2d at 859. As to the conviction on the indictment charging

"distribute or dispense" rendered in the jury-waived trial, the SJC found no error and thus affirmed that conviction. *Id.*

Following this decision, on May 26, 2010, Petitioner filed a Petition for Rehearing to the SJC, in which his "principal reason" for asking for reconsideration centered on the "distribute/dispense" issue. (#11 at S.A. 420) Brown's position in his petition for rehearing was that the trial judge acquitted him of the distribution charges which were tried to the jury, and his petition ponders the legal effects of such an acquittal had distribution been the only offense named in the counts charging "dispensing or distribution." (#11 at S.A. 421) He further argued that he is "entitled to the benefit" of the ambiguities surrounding the definitions of dispense and distribute and also posited that his right to appeal a conviction had been denied due to the SJC's imposition of the distribution conviction. (#11 at S.A. 423, 424)  His petition for rehearing was denied by the SJC on June 30, 2010. (#1 at 4)

Brown's next step was to file a petition for habeas corpus relief in this court pursuant to 28 U.S.C. § 2254 on June 29, 2011.  In his petition,  Brown sets forth six separate grounds for relief *viz:*  (1) that the conviction on the distribution charge by the SJC violates his Fifth Amendment right to be free

from double jeopardy, (2) that the SJC's decision denies him the right to appeal from the distribution conviction, (3) that he had ineffective assistance of counsel because his attorney did not anticipate and thus did not advocate against a conviction on the distribution charge, (4) that his due process rights were violated when the SJC converted a dispensing conviction to a distribution conviction, (5) that ambiguities in criminal statutes must be strictly construed in the defendant's favor and (6) that conviction of both dispensing and possession at the jury-waived trial was impermissible because possession is a lesser included offense of dispensing and distribution. (#1 at 6-10) The respondent has moved to dismiss the petition on the grounds that Brown has failed to exhaust his state court remedies.

### III. *Analysis*

Brown argues that it was virtually impossible for him to exhaust his claims respecting the SJC's actions in delineating the charge against him as "distributing" (as to which the jury was not instructed) and affirming his conviction on the ground that the evidence clearly supported a conviction for distributing because no one could have reasonably anticipated that the SJC would decide the case in that way. (Respondent's Motion [*sic*] Opposing

Dismissal of Habeas Corpus Petition for Failure to Exhaust State Court Remedies, (#12 at 1)  Certainly it was not a consideration of either the majority or the dissent in the Appeals Court's decision.

Of course, that fact does not excuse the failure to exhaust if there are other remedies which Brown might pursue to get the constitutional issue before the state courts.  In order to adequately exhaust under § 2254(b)(1), a petitioner "must fairly present - or do his best to present - the issue to the state's highest tribunal" in such a way that "a reasonable jurist would have been alerted to the existence of the federal question." *Gonsalves v. Thompson*, 396 F. Supp. 2d 36, 39 (D. Mass., 2005) (citations omitted) (internal quotation marks omitted).  As far as presentment is concerned, it is well established that "[r]aising a claim for the first time to the state's highest court on discretionary review is not fair presentation for purposes of exhaustion." *Gunter v. Maloney*, 291 F.3d 74, 81 (1 Cir., 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)); *see also O'Brian v. St. Amand*, 2008 WL 1820894, *1 (D. Mass., Apr. 23, 2008) ("[R]aising a federal claim for the first time in a motion for rehearing before the SJC renders the claim unexhausted for federal habeas review...."); *Melton v. Russo*, 2007 WL 2956401, *4 (D. Mass., Oct. 10, 2007) ("[P]resenting

an argument...to the SJC for the first time on a motion for reconsideration...is insufficient to constitute fair presentment for purposes of exhaustion.").

Instead, in order to exhaust "where the claim has not been fairly presented on direct appeal...it should be fairly presented to the state court through a motion for collateral relief." *Gunter*, 291 F.3d at 82 (citing *Byrnes v. Vose*, 969 F.2d 1306, 1307-08 (1 Cir., 1992) (finding a claim unexhausted when raised for the first and only time on discretionary review but not in a motion for post-conviction relief); *see also Clemente v. O'Brien*, 2010 WL 5207177, *1 (D. Mass., Dec. 16, 2010) (finding that petitioner failed to exhaust when he failed to file a motion for post-conviction relief pursuant to Massachusetts Rule of Criminal Procedure 30(b)[4] in state court before filing his habeas petition). In Massachusetts, this means that petitioners such as Brown whose claims relate to the trial process must "use Rule 30 to seek post-conviction relief pertaining to errors in an indictment, a trial, or other issues typically raised in a habeas corpus petition in other jurisdictions." *Bates v. Grant*, 98 Fed. Appx. 11, 13 (1 Cir., 2004) (*per curiam*) (footnote omitted), *cert. denied,* 546 U.S. 1067 (2005).

---

[4]

Massachusetts prisoners may file motions for post-conviction relief pursuant to Mass. R. Crim. P. 30(a), which allows a petitioner to seek relief from unlawful restraint by filing a motion for release or correction of sentence, and 30(b), which allows a petitioner to seek a new trial.

In sum, the *constitutional* claims anent the SJC's affirmance of Brown's conviction on the grounds that he "distributed" rather than "dispensed" controlled substances have never been submitted to any state court. It is to be recalled that the only claim which can be brought in a federal habeas corpus petition is that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). And it is the claims based on a violation of the "Constitution or laws or treaties of the United States" which must first be exhausted, i.e., presented to the state court in the first instance. 28 U.S.C. § 2254(b)(1)(A). Thus, the instant petition must be dismissed. However, the dismissal should be without prejudice to filing a petition after Brown has exhausted the constitutional issues he seeks to litigate in his petition pursuant to 28 U.S.C. § 2254 before the state court by filing a motion pursuant to Rule 30, Mass. R. Crim. P., in the Superior Court in which petitioner seeks relief on the basis of the constitutional issues which he sets forth in the instant petition.

While the Superior Court Justice may find that Brown has waived his right to relief pursuant to Rule 30(c)(2), Mass. R. Crim. P., it is certainly not a sure bet that waiver will be found in the circumstances of this case, even though

it is the respondent's position that a waiver has occurred.[5]

## IV.  Recommendation

For the reasons stated, I RECOMMEND that the Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (#9) be ALLOWED and that Final Judgment enter dismissing the Petition without prejudice.

## V.  Review by the District Judge

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.   The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections.   The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States*

---

5

*See* Respondent's Memorandum of Law in Response to this Court's Order of November 18, 2011 (#13) at 6-8.

*v. Vega*, 678 F.2d 376, 378-79 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*

ROBERT B. COLLINGS
United States Magistrate Judge

December 22, 2011.